UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MCGILL,

       Plaintiff,                          Hon. Paul L. Maloney

v.                                        Case No. 1:24-cv-1081

BUTTERBALL FARMS, INC. et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Individual Defendants' Motion to Dismiss. (ECF No. 9).[1] Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be granted and the claims against the Individual Defendants be dismissed. The undersigned further recommends that the claims against Defendant Unknown Party be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme

---

[1] The Individual Defendants are Mark Peters, Christina Vinson, Jeff Harlucowitz, Charles Martin, Dave O'Hagen, and Tyler Travis.

Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Plaintiff brings Title VII claims against Butterball Farms, Inc. and seven current and former employees. Six of the current or former employees have now filed a motion to dismiss, arguing that they cannot be personally liable under Title VII. The Individual Defendants are correct. "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Because "the law is clear that a supervisor cannot be held liable in his or her individual capacity," the six Individual Defendants' cannot be held personally liable. *See Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 362 n.2 (6th Cir. 2001). Accordingly, the undersigned recommends that the Individual Defendants' motion to dismiss be granted.

In addition, Defendant Unknown Party is a former employee of Butterball Farms, Inc. He has not been served within the 90-day requirement of Rule 4(m) of the Federal Rules of Civil Procedure. Nonetheless, for the same reasons discussed

above, Unknown Party cannot be held personally liable under Title VII. Accordingly, the undersigned recommends that Plaintiff's claims against Unknown Party be dismissed for either lack of prosecution or failure to state a claim under 28 U.S.C. § 1915(e)(2).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 9) be granted and dismiss the claims against Mark Peters, Christina Vinson, Jeff Harlucowitz, Charles Martin, Dave O'Hagen, and Tyler Travis. The undersigned further recommends that the claims against Defendant Unknown Party be dismissed. If this recommendation is adopted, Plaintiff's claims against Butterball Farms, Inc. remain in this case.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 23, 2025                    /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge